

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

Signed April 30, 2007

United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 06-31695-BJH-11 |
| | § | (CHAPTER 11) |
| GULF COAST HOLDINGS, INC., | § | |
| d/b/a UNIDYNAMICS, INC. | § | |
| | § | |
| DEBTOR. | § | |

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER
### CONFIRMING FIRST AMENDED PLAN OF LIQUIDATION OF
### <u>GULF COAST HOLDINGS, INC., AS AMENDED</u>

PAGE 1

016203.00015:1027894.05

## INTRODUCTION

The above-captioned debtor (the "Debtor")[1] having proposed the **First Amended Plan of Liquidation of Gulf Coast Holdings, Inc., dated December 26, 2006** (as technically corrected at the Confirmation Hearing defined below, the "Plan"[2]); the Bankruptcy Court having entered on February 9, 2007, its Order (the "Disclosure Statement Order") approving the **Second Amended Disclosure Statement** (the "Disclosure Statement"); the Debtor having filed the Declaration of Sharon Compton Certifying the Ballots Accepting or Rejecting First Amended Plan of Liquidation of Gulf Coast Holdings, Inc. (the "Voting Declaration") on April 11, 2007; the Bankruptcy Court having established, in the Disclosure Statement Order, April 16, 2007 at 1:15 p.m., as the date and time of commencement of the hearing pursuant to section 1129 of the Bankruptcy Code to consider Confirmation of the Plan (the "Confirmation Hearing"); the Debtor having filed, on February 20, 2007, a Certificate of Service indicating that the Debtor timely mailed the Solicitation Package for the Plan in accordance with the Disclosure Statement Order and, on February 27, 2007, a Certificate of Service indicating that the Debtor had served Amended Notices of Unimpaired Status clarifying the class of claims unimpaired by the Plan held by the recipient (together, the "Service Declarations"); no objections to confirmation of the Plan having been filed and the only informal objection to confirmation having been resolved by

---

[1] Unless otherwise specified, capitalized terms and phrases used herein have the meanings assigned to them in the Plan (as defined herein). The rules of interpretation set forth in II.B of the Plan shall apply to these Findings of Fact, Conclusions of Law and Order (this "Confirmation Order"). In addition, any term used in the Plan or this Confirmation Order that is not defined in the Plan or this Confirmation Order, but that is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning given to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable. In accordance with Section III.A of this Confirmation Order, if there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

[2] A copy of the Plan, with technical corrections, is attached hereto as Exhibit "A". The Trust Agreement is attached to the Plan as Exhibit 1.

the insertion of footnote number 1 into the Plan in the Corrected First Amended Plan of Liquidation of Gulf Coast Holdings, Inc. (a correction that did not adversely affect the treatment of any creditor or equity security holder under the Plan); the Bankruptcy Court having reviewed the Plan, the Disclosure Statement, the Disclosure Statement Order, the Voting Declaration, the Service Declarations; the Bankruptcy Court having heard the statements of counsel in support of confirmation at the Confirmation Hearing, as reflected in the record at the Confirmation Hearing; the Bankruptcy Court having considered the uncontroverted testimony and exhibits admitted into evidence at the Confirmation Hearing; the Bankruptcy Court having taken judicial notice of the papers and pleadings on file in Debtor's reorganization case, and the Bankruptcy Court finding that: (i) notice of the Confirmation Hearing and the opportunity of any party in interest to object to Confirmation were adequate and appropriate, in accordance with Bankruptcy Rule 2002(b), as to all parties to be affected by the Plan and the transactions contemplated thereby and (ii) the legal and factual bases set forth at the Confirmation Hearing and as set forth in this Confirmation Order establish just cause for the relief granted herein; the Bankruptcy Court hereby makes the following findings of fact, conclusions of law and order.[3]

## I.    FINDINGS OF FACT.

### A.    JURISDICTION AND VENUE.

The Debtor filed an emergency voluntary petition under Chapter 11 of the Bankruptcy Code on April 28, 2006 (the "Petition Date").  Since the Petition Date, the Debtor

---

[3] This Confirmation Order constitutes the Bankruptcy Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Bankruptcy Rules 7052 and 9014.  Any finding of fact shall constitute a finding of fact even if it is stated as a conclusion of law, and any conclusion of law shall constitute a conclusion of law even if it is stated as a finding of fact.

has continued to operate its business and manage its property as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. The Debtor was and is qualified to be a debtor under Bankruptcy Code § 109(a). Venue in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, for the Debtor's reorganization case was proper as of the Petition Date and continues to be proper.

### B. COMPLIANCE WITH THE REQUIREMENTS OF SECTION 1129 OF THE BANKRUPTCY CODE.

#### 1. Section 1129(a)(1) – Compliance of the Plan with Applicable Provisions of the Bankruptcy Code.

The Plan complies with all applicable provisions of the Bankruptcy Code, as required by Bankruptcy Code § 1129(a)(1), including Bankruptcy Code §§ 1122 and 1123.

##### a. Sections 1122 and 1123(a)(1)-(4) – Classifications and Treatment of Claims and Interests.

Pursuant to Bankruptcy Code §§ 1122(a) and 1123(a)(1), Article III of the Plan designates Classes of Claims and Interests, other than Administrative Claims.[4] As required by section 1122(a), each Class of Claims and Interests contains only Claims or Interests that are substantially similar to the other Claims and Interests within that Class. Claims are classified separately in Class 1 through Class 4. As allowed by section 1122(b), Class 3 includes only those claims of $500 or less, or those claims voluntarily reduced to that amount. Interests are classified separately in Class 5. Such classification is proper under Bankruptcy Code § 1122(a) and (b) because such Claims and Interests have differing rights among each other and against the assets of the Debtor. Pursuant to Bankruptcy Code §§ 1123(a)(2) and (3), Article IV of the Plan specifies all Classes of Claims and Interests that are not impaired under the Plan and specifies the

016203.00015:1027894.05

treatment of all Classes of Claims and Interests that are impaired under the Plan. Pursuant to Bankruptcy Code § 1123(a)(4), Article IV of the Plan also provides the same treatment for each Claim or Interest within a particular Class, unless the holder of a Claim or Interest agrees to less favorable treatment of its Claim or Interest.

### b. Section 1123(a)(5) – Adequate Means for Implementation and Execution of the Plan.

Article V of the Plan and various other provisions of the Plan provide adequate means for the Plan's implementation. Those provisions relate to, among other things: (i) the initial selection for the Unidynamics Liquidating Trust (the "Trust") of a Trustee (the "Trustee") and Trust Board (the "Trust Board"); (ii) the distribution of cash to the Holders of Allowed Claims from the Trust; and (iii) the adoption, execution, delivery and/or implementation of all contracts, leases, instruments, releases, and other agreements or documents related to the foregoing. On June 9, 2006, the Debtor closed the sale of most of the assets of the Debtor. A settlement that closed on February 5, 2007 resolved the disputes over the estates' rights to the proceeds from that sale and other assets. Pursuant to the terms of the settlement, the Trust and the Debtor will have sufficient cash to make all payments required to be made on and after the Effective Date pursuant to the terms of the Plan. As set out in Article V of the Plan, the Trust succeeds to all the Debtor's rights in all Remaining Assets, including all Assets retained by the Debtor pursuant to the Settlement (as that term is defined in the Disclosure Statement), including, without limitation, the Settlement Proceeds, the Professional Fees Escrow, and the Causes of Action.

---

[4] Pursuant to Bankruptcy Code § 1123(a)(1), classes of Administrative Claims are not required to be designated.

    **c.**      **Section 1123(a)(6) – Prohibition Against the Issuance of Nonvoting Equity Securities.**

The Plan does not contemplate the issuance of nonvoting equity securities.

    **d.**      **Section 1123(a)(7) – Selection of Directors and Officers in a Manner Consistent with the Interests of Creditors and Equity Security Holders and Public Policy.**

Article V.B. of the Plan provides for the creation of a Trust governed by a Trust Agreement as set forth in attached Exhibit A, selection of a Trustee of the Trust, and the selection of the members of the Trust Board.  The Debtor has identified the Trustee as Dan B. Lain and Lain, Faulkner & Co., P.C. firm, and the Trust Agreement identifies the initial Trust Board members.

    **e.**      **Section 1123(a)(8) – Payments to Creditors of Individual Debtors.**

The Debtor is not an individual, so this provision of the Bankruptcy Code does not apply in this case.

    **f.**      **Section 1123(b)(1) – Impairment of Claims and Interests.**

In accordance with Bankruptcy Code § 1123(b)(1), Article IV of the Plan impairs or leaves unimpaired, as the case may be, each Class of Claims and Interests.

    **g.**      **Section 1123(b)(2) – Motion to Reject.**

The Plan constitutes a motion by the Debtor, which is hereby approved and authorized, pursuant to Bankruptcy Code § 365, to reject any and all Rejected Leases and Contracts of the Debtor.

016203.00015:1027894.05

**h.     Section 1123(b)(3) – Retention, Enforcement, and Settlement of Claims Held by Debtor.**

Article V of the Plan provides that upon the Effective Date, all Causes of Action (like all other Retained Assets) will be transferred to the Trust.  All claims and causes of action of the Debtor not resolved, assigned or abandoned by the Debtor and/or the Committee prior to the Effective Date of the Plan (collectively, the "Debtor Actions") shall be transferred to the Trust, and the Trust shall have the right, duty and standing to prosecute such claims and causes of action or to assert such claims and causes of action as counterclaims against Claimants.  As provided in the Plan, all Debtor Actions are hereby preserved for the benefit of the Trust.  Upon and after the Effective Date, all recoveries on or from Debtor Action shall be the property of the Trust.  Prosecution and settlement of the Debtor Actions shall be the exclusive responsibility of the Trust which may pursue or settle the Debtor Actions in the name of the Debtor, or in the name of the Committee, as the case may be.  Consistent with section V.B.2.(e) of the Plan, the Trust may compromise and settle any Cause of Action, although it shall obtain a final order of this Court approving any settlement of litigation claims seeking recovery of more than $25,000.00.  To the extent permitted by law, all rights under Bankruptcy Code § 363(h) are also preserved for the benefit of the holders of Allowed Unsecured Claims in Classes 3 and 4 for use in the disposition of jointly-owned Property, if any.  All such rights shall remain with the Trust after the Effective Date.  Failure of the Debtor and/or the Committee to prosecute any and all Debtor Actions shall not prejudice the rights, if any, of its successors-in-interest thereto to commence or continue such Debtor Actions. The Trust may pursue such retained claims, demands, rights, or causes of action, as it deems appropriate.

016203.00015:1027894.05

> **i.**     **Section 1123(b)(5) – Modification of the Rights of Holders of Claims.**

The  Plan modifies, or leaves unaffected, as the case may be, the rights of holders of Claims in each Class.

> **j.**     **Section 1123(b)(6) – Other Provisions Not Inconsistent with Applicable Provisions of the Bankruptcy Code.**

The Plan includes additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code, including: (i) the provisions of Article V of the Plan regarding the means for implementing the Plan; (ii) the provisions of Article VI of the Plan governing the assumption, assumption and assignment, or rejection of executory contracts and unexpired leases; (iii) the provisions of Article VII of the Plan governing distributions on account of Allowed Claims particularly as to the timing and calculation of amounts to be distributed; (iv) the provisions of Article VIII of the Plan establishing procedures for resolving Disputed Claims and making distributions on account of such Disputed Claims once resolved; (v) the provisions of Article XI of the Plan regarding the discharge of Claims; (vi) the provisions of Article XII of the Plan regarding retention of jurisdiction by the Bankruptcy Court over certain matters subsequent to the Effective Date; and (vii) the provisions of Article XIII of the Plan providing for, among other things, modification and revocation of the Plan and the severability of provisions of the Plan.

> **2.**     **Section 1129(a)(2) – Compliance with Applicable Provisions of the Bankruptcy Code.**

The Debtor has complied with all applicable provisions of the Bankruptcy Code, as required by Bankruptcy Code § 1129(a)(2), including Bankruptcy Code § 1125 and Bankruptcy Rules 3017 and 3018.  The Disclosure Statement and the procedures by which the

016203.00015:1027894.05

ballots for acceptance or rejection of the Plan were solicited and tabulated were fair, properly conducted, and in accordance with Bankruptcy Code §§ 1125 and 1126, Bankruptcy Rules 3017 and 3018, and the Disclosure Statement Order.   The Debtor and its directors, officers, employees, agents, and professionals have acted in "good faith," within the meaning of Bankruptcy Code § 1125(e).

### 3.        Section 1129(a)(3) – Proposal of the Plan in Good Faith.

The Debtor proposed the Plan in good faith and not by any means forbidden by law.  In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the formulation of the Plan.  Based on the uncontroverted evidence presented at the Confirmation Hearing, the Bankruptcy Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of liquidating the Debtor while maximizing the returns available to creditors.  Moreover, the Plan itself and the arms' length negotiations among the Debtor, the Committee, and other creditors leading to the Plan's formulation, as well as the overwhelming support of Claimants for the Plan, provide independent evidence of Debtor's good faith in proposing the Plan.  Moreover, the Debtor did not propose the Plan and related documents, including the Trust Agreement, by any means forbidden by existing law.  Except as set out in this Confirmation Order, the Plan contains no releases of or among third parties.  The Plan does not require any parties to cooperate in pursuing the estate's or the Trust's litigation claims.  The Plan also does not transfer or require the transfer of any third party's litigation claims or rights to the Trust.

4.      **Section 1129(a)(4) – Bankruptcy Court Approval of Certain Payments as Reasonable.**

a.      Article IV.A.1.(b) of the Plan provides that requests for the payment of Administrative Claims must be filed with the Bankruptcy Court and served on the Trustee no later than the Administrative Claims Bar Date. [5]  Applications by Professionals for the payment of Fee Claims must be filed with the Bankruptcy Court and served in accordance with Fee Procedure Order no later than the Administrative Claims Bar Date.  Failure to file such requests or applications prior to the Administrative Claims Bar Date shall forever bar the recovery of such Claims against the Debtor, the Trustee, the Trust, or the Remaining Assets.  Upon and after the Effective Date, all professionals hired by the Trustee, and all professionals seeking reimbursement of fees and expenses from the Trust, shall be paid by the Trustee out of the Trust. As set forth in Section 2.09 of the Trust Agreement, the Trustee and the professionals he engages may follow the fee guidelines for the Northern District of Texas as they have been implemented in this case; specifically, the Trustee and Trustee-retained professionals may be paid interim compensation of 80% of fees and 100% of expenses upon expiration of fifteen days without objection after the mailing of such fee statements to the Liquidating Trust Board and the Trustee. All such professionals shall file fee applications with the Bankruptcy Court to be noticed for hearing to all parties on the Master Service List filed by the Debtor on or after July 1, 2006, and other than as permitted herein, the Trustee shall not be entitled to pay such expenses without

---

[5]  The **Administrative Claims Bar Date** is sixty (60) days after the Effective Date.

016203.00015:1027894.05

approval by the Bankruptcy Court.[6]  In connection with the foregoing, Article XII of the Plan provides that the Bankruptcy Court will retain jurisdiction after the Effective Date to hear and determine all requests for compensation or reimbursement of expenses for professionals.

**5.      Section 1129(a)(5) Disclosure of Identity of Proposed Management, Compensation of Insiders, and Consistency of Management Proposals with the Interests of Creditors and Public Policy**.

On the Effective Date, the Trust Board shall be established that shall consist of Jon A. Fitzgerald, of Bath Iron Works Corporation, Kenneth Flottman, of Northrop Grumman Ship Systems, Inc., and Eugene Butler, of CapSource Financial, Inc.  The Trust Board will operate as set forth in the Trust Agreement, with all the powers and responsibilities set forth in the Trust Agreement.  The appointment of these gentlemen to the Trust Board is consistent with the interests of creditors and equity holders and with public policy.

**6.      Section 1129(a)(6)  - Approval of Rate Changes**.

Bankruptcy Code § 1129(a)(6) is not applicable in this case.

**7.      Section 1129(a)(7) – Best Interests of Holders of Claims and Interests**.

With respect to each impaired Class of Claims or Interests, each holder of a Claim or Interest in such impaired Class has accepted the Plan or, as demonstrated by the liquidation

---

[6]  To clarify any ambiguity in the application of Section 2.09 of the Trust Agreement, the Trustee shall be entitled to receive compensation for services rendered in the performance of his duties as Trustee of at least one and one-half percent (1.5%) upon all moneys actually disbursed or turned over in the case by the Trustee to the beneficiaries of the Trust (the Trustee's "Percentage Compensation").  In the event the Trustee is required to perform more than 100 hours of service in the performance of his duties in this case, the Trustee may apply to the Court to be allowed compensation in the form of an hourly fee, at a rate commensurate with the standard hourly billing rate charged by the Trustee, as it may exist from time to time, which currently is $360.00 per hour.  Should the Trustee perform more than 100 hours of service in the performance of his duties in this case, his application for compensation may seek compensation at his hourly rate for all time incurred, including the first hundred (100) hours of service performed.  However, should the Trustee make such application, any amounts received in Percentage

analysis presented in the Disclosure Statement and other evidence presented at the Confirmation Hearing, will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the Debtor was liquidated on the Effective Date under Chapter 7 of the Bankruptcy Code.

**8.      Section 1129(a)(8) – Acceptance of the Plan by Each Impaired Class**.

Pursuant to Bankruptcy Code §§ 1124 and 1126: (a) as indicated in Article IV of the Plan, Class 1 and 2 are unimpaired and are deemed to have accepted the Plan; and (b) as indicated in the Voting Declaration, all impaired Classes of Claims have accepted or have been deemed to have accepted the Plan.  As indicated in the Voting Declaration, no votes of Class 5 equity holders were received, however, the Debtor has asked for confirmation of the Plan pursuant to Bankruptcy Code § 1129(b) as fair and equitable with respect to Class 5.  Therefore, as set out in Section II.E. of this Confirmation Order, the absence of votes in Class 5 does not prevent the Court's confirmation of the Plan.

**9.      Section 1129(a)(9) – Treatment of Claims Entitled to Priority Pursuant to Section 507(a).**

The Plan provides for the treatment of Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed Priority Claims in the manner required by Bankruptcy Code § 1129(a)(9).  Allowed Administrative Claims, to the extent not previously paid during the Cases shall be: (a) paid in full, in Cash, by the Trust at the latest of the Effective Date, Allowance, or as paid in the ordinary course or (b) treated as may be agreed to in writing by such Claimant and the

---

Compensation shall be credited against the compensation sought calculated upon his hourly rate.

Trust. The statutory liens, if any, held by taxing authorities to secure Allowed Priority Tax Claims shall continue in full force and effect and shall not be deemed released or discharged by Confirmation.

### 10. Section 1129(a)(10) – Acceptance By at Least One Impaired Class.

As indicated in the Voting Declaration and as reflected in the record of the Confirmation Hearing, at least one Class of Claims or Interests that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

### 11. Section 1129(a)(11) – Feasibility of the Plan.

This is a liquidating plan. The June sale of most of the Debtor's assets closed long ago, as did the settlement referred to above, leaving the Debtor holding free cash sufficient to pay all currently due remaining and anticipated post-petition obligations of the Debtor (and/or Trust), as well as to have sufficient funds to make a distribution to unsecured creditors. Accordingly, the Plan is feasible and confirmation is not likely to be followed by the inability of the Trust to meet its obligations under the Plan.

### 12. Section 1129(a)(12) – Payment of Bankruptcy Fees.

The Plan provides that, on or after the Effective Date, the Trust shall timely pay all fees to the United States Trustee pursuant to 28 U.S.C. § 1930(a) when they become due.

### 13. Section 1129(a)(13) – Retiree Benefits.

To the extent that it still exists, the Debtor's 401(k) Plan (the "401(k) Plan") shall be discontinued on or after the Effective Date, and all 401(k) Plan beneficiaries shall take possession of their individual 401(k) Plan accounts. The current 401(k) Plan administrator is

016203.00015:1027894.05

hereby authorized to, and shall, take all necessary steps to terminate the 401(k) Plan on or after the Effective Date. Neither the Debtor, nor the Trust, shall have any liability for the 401(k) Plan.

**14.** **Section 1129(a)(14) – Domestic Support Obligations.**

The Debtor is not an individual, so this provision of the Bankruptcy Code does not apply in this case.

**15.** **Section 1129(a)(15) – Treatment of Unsecured Claims against Individual Debtors.**

The Debtor is not an individual, so this provision of the Bankruptcy Code does not apply in this case.

**16.** **Section 1129(a)(16) – Compliance with Nonbankruptcy Law Governing Transfers of Property by Non-Business Corporations.**

This is a liquidating plan. The Trustee will not operate post-confirmation, nor was Unidynamics a non-business corporation.

**17.** **Bankruptcy Rule 3016**.

The Plan, with all technical corrections, is dated and identifies the party submitting the Plan and its technical corrections. The technical corrections to the Plan are hereby approved in all respects and are incorporated into the Plan for all purposes.

**18.** **Section 1129(d) – Purpose of Plan**.

The primary purpose of the Plan is not the avoidance of taxes or avoidance of the requirements of Section 5 of the Securities Act, and there has been no objection filed by any governmental unit asserting such avoidance.

**19.** **Releases**

All releases of Claims and causes of action against non-debtor persons or entities that are embodied within the Plan are fair, equitable, and in the best interests of the Debtor and its estate.

20. **Satisfaction of Conditions To Confirmation**.

Each of the conditions precedent to the entry of this Confirmation Order has been satisfied.

## II. CONCLUSIONS OF LAW.

### A. JURISDICTION.

The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtor was, and is, qualified to be a debtor under Bankruptcy Code § 109. Venue of Debtor's case in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, was proper as of the Petition Date and continues to be proper.

### B. TECHNICAL CORRECTIONS TO THE PLAN.

The Debtor has made only technical corrections to the Plan, which require no notice before consideration as part of the Plan. These corrections: (1) were disclosed and discussed with the Committee before the Confirmation Hearing; (2) do not adversely change the treatment under the Plan of any Claims or Interests; and (3) comply in all respects with Bankruptcy Code § 1127, Bankruptcy Rule 3019(a), and all other provisions of the Bankruptcy Code. In light of the technical and immaterial nature of each of the corrections, no additional disclosure under Bankruptcy Code § 1125 is required with respect to these corrections. Accordingly, pursuant to Bankruptcy Code § 1127 and Bankruptcy Rule 3019(a), all holders of Claims and Interests that have accepted or are conclusively presumed to have accepted the Plan, are deemed to have accepted the Plan as corrected.

016203.00015:1027894.05

### C.   EXEMPTION FROM SECURITIES LAWS.

Pursuant to Bankruptcy Code § 1125(e), the Debtor's transmittal of the Plan solicitation packages and its solicitation of acceptances of the Plan are not governed by nor subject to, any otherwise applicable law, rule, or regulation governing the offer, issuance, sale, or purchase of securities.  Accordingly, the Debtor, the Committee, and their respective directors, officers, employees, agents, and professionals (acting in such capacity) are entitled to the protection of Bankruptcy Code § 1125(e).

### D.   EXEMPTION FROM TAXATION.

All transfers contemplated herein, in the Plan, or in the Trust Agreement shall be free and clear of any and all transfer taxes from which the transfer of property is exempt pursuant to Bankruptcy Code § 1146(a). Pursuant to Bankruptcy Code § 1146(a), all filing officers (including without limitation those state, county, city, parish and local authorities of Texas, or any of the United States) are directed to accept for recording or filing, and to record or file, any documents which are intended to be recorded or filed and which are presented to them for recording or filing immediately upon presentation thereof, and such filing or recordation of any of such documents are exempt from, and shall not be taxed under, any state or local law imposing a recording tax, stamp tax, transfer tax, sales tax, or similar tax.  Pursuant to the Plan, the Trustee is empowered to execute, and all state, county, city, parish and local authorities of the United States, including without limitation those of Texas, are authorized and directed to accept for filing, and to record, any and all appropriate and necessary documentation, including a certified copy of the Plan and the Confirmation Order, to evidence the sale, transfer, assumption, assignment, rejection, cancellation, termination, release or discharge of any and all property

016203.00015:1027894.05

interests contemplated herein.    Pursuant to Bankruptcy Code § 1146(a): (1) the creation or transfer of any mortgage, deed of trust, or other security interest; (2) the making or assignment of any lease or sublease; (3) or the making or delivery of any deed or other instrument of transfer under, in furtherance of or in connection with the Plan, including any agreements or consolidation, deeds, bills of sale, assignments, assumptions, or delegations of any asset, property, right, liability, duty, or obligation; or (4) the making or delivery of any instruments of transfer executed in connection with any foregoing, shall not be subject to any stamp tax, sales tax, real estate transfer tax, or similar tax and the appropriate state or local government officials or agents shall be, and hereby are, directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

### E.    COMPLIANCE WITH CRAMDOWN PROVISIONS OF SECTION 1129(b) OF THE BANKRUPTCY CODE.

As set forth in Section I.B of this Confirmation Order, the Plan complies in all respects with the applicable requirements of Bankruptcy Code § 1129, except 1129(a)(8).    The Debtor has otherwise complied with all other provisions of section 1129, and the Debtor has asked for confirmation of the Plan under the so-called cramdown provisions of Bankruptcy Code § 1129(b).    Cramdown of the Plan is appropriate since the Plan does not discriminate unfairly, and the Plan is fair and equitable with respect to each class of claims or interests that may not have approved the Plan.

Specifically, as to Class 5 equity holders, the Debtor has demonstrated compliance with Bankruptcy Code § 1129(b)(2)(C) in that no junior interest shall receive a distribution.

Finally, it appears that virtually all creditors voting have voted in favor of the Plan and believe that the Plan will provide them a better distribution than would otherwise be available should the Plan not be confirmed. Therefore, the Debtor has met its burden concerning, and the Court hereby accepts, confirmation of the Plan under the cramdown provisions of Bankruptcy Code § 1129(b).

## III. ORDER.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

### A. CONFIRMATION OF THE PLAN.

The Plan and each of its provisions shall be, and hereby is, confirmed in each and every respect pursuant to Bankruptcy Code § 1129; provided, however, that if there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

### B. EFFECTS OF CONFIRMATION.

#### 1. Immediate Effectiveness; Successors and Assigns.

Pursuant to Bankruptcy Rule 3020(e), and notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation Order, the terms of the Plan and this Confirmation Order shall be, and hereby are, deemed binding upon the Debtor, any and all holders of Claims or Interests (irrespective of whether such Claims or Interests are impaired under the Plan or whether the holders of such Claims or Interests accepted, rejected, or are deemed to have accepted or rejected the Plan), any and all non-debtor parties to executory contracts and unexpired leases and any and all entities who are parties to or are subject to the

settlements, compromises, releases, discharges, and injunctions described herein above and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

### 2. Vesting of Assets.

Title to the Property, real or personal, of the Debtor or the Debtor's Estate, including the Retained Assets and the Causes of Action, shall vest in the Trust on the Effective Date of this Plan as provided in the Plan.

### 3. Cancellation of Debtor's Common Stock.

On the Effective Date, all Class 5 equity interests in the Debtor shall be canceled and have no further force and effect without any further action on the part of Debtor or the Trust.[7]

### 4. Release of Liens.

On the Effective Date, except as otherwise provided in this Confirmation Order or the Plan, all mortgages, deeds of trust, liens, or other security interests against the property of the Estate, or against property that is collateral for any obligation of Debtor, shall be fully released and discharged, and all of the rights, titles, and interests of any holder of such mortgages, deeds of trust, liens, or other security interests shall revert to the Trust.

### C. CLAIMS BAR DATES.

### 1. Bar Dates for Administrative Claims.

### a. General Bar Date Provisions.

Except as otherwise provided in Section III.C.1.b below, unless previously filed, requests for payment of Administrative Claims must be filed and served on the Trust, pursuant to

---

[7] To the extent necessary, the Trust is hereby empowered to file with any governmental agencies such filings as may be required under any securities law.

016203.00015:1027894.05

the procedures specified in the Confirmation Notice (as defined below), no later than 60 days from service of the Confirmation Notice (as defined below). Holders of Administrative Claims that are required to file and serve a request for payment of such Claims and that do not file and serve a request by the applicable bar date shall be forever barred from asserting such Claims against the Debtor or the Trust or their respective property and such Claims shall be deemed discharged as of the Effective Date. Objections to such requests must be filed and served on the Trust, no later than 20 days after the filing of the applicable request for payment of Administrative Claims.

### b. Ordinary Course Liabilities.

Holders of Administrative Claims based on liabilities incurred by the Debtor in the ordinary course of business shall not be required to file or serve any request for payment of such Claims unless the Trustee otherwise directs. The Trust may pay such claims in the ordinary course of the Debtor's business.

### 2. Bar Date for Rejection Damages Claims.

If the rejection of an executory contract or unexpired lease pursuant to the Plan gives rise to a Claim by the other party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the Debtor or the Trust, unless a proof of Claim is filed and served on the Trust pursuant to the procedures specified in the Plan and the Confirmation Notice (as defined below) or another order of this Bankruptcy Court, no later than 30 days after the service of the Confirmation Notice (as defined below).

### 3. Payment.

016203.00015:1027894.05

On the Effective Date, all the Remaining Assets shall be delivered to the Trust, in whatever reasonable manner the Trustee requests.

016203.00015:1027894.05

### A. Payment of Allowed Priority Claims and Professional Fees Due in the Ordinary Course

On and after the Effective Date, the Trust shall cause all Allowed Priority Claims to be paid in accordance with the Plan. To the extent that any request for payment of professional fees has otherwise been noticed in accordance with the guidelines for such fee payments, and such payments were noticed prior to Confirmation, the Trust shall make such payments to such professionals in the ordinary course.

### B. Payment of United States Trustee Fees

Upon and after the Effective Date, the Trust shall timely pay all fees due to the United States Trustee pursuant to 28 U.S.C. § 1930(a).

### C. Debtor's Obligations on the Effective Date.

The following shall occur on or before the Effective Date:

1.  **Cancellation of Stock**. All Interests in the Debtor shall be canceled.

2.  **Establishment of the Trust**. The Debtor and the Trustee shall take all actions and execute and deliver any and all documents or other instruments as may be reasonably necessary to cause the creation of the Trust, including, without limitation, execution of the Trust Agreement attached hereto as Exhibit A.

3.  **Transfer of the Retained Assets.** The Debtor shall transfer, execute and deliver to the Trust the Retained Assets and take all other actions and execute and deliver any and all other documents or other instruments as may be reasonably necessary or appropriate to effectuate the provisions or purposes of the Plan. Upon completion of the above-referenced transfers, the Trust shall succeed to all of the rights and obligations of the Debtor, except as discharged by the confirmation of the Plan.

016203.00015:1027894.05

D.     **Closing Documentation**.

The Debtor shall prepare all documentation to be executed in connection with the Plan becoming effective, subject to approval, if requested, of the Court.  David Hull is designated as the person with authority to sign all documents and agreements necessary to consummate the Plan on behalf of the Debtor.

E.     **Administration of the Debtor**.    Upon the Effective Date: (a) the operations and business affairs of the Debtor will be administered by the Trust and the Trustee shall have authority to take any action and execute any document on behalf of the Debtor, including those which would otherwise be executed by the officers or directors of the Debtor, (b) Hughes & Luce LLP, the counsel for the Debtor, shall no longer be employed by the Debtor and Hughes & Luce LLP shall have no further duties or obligations to the Debtor (and none to the Trust unless such Trust subsequently engages the services of Hughes & Luce LLP) other than to file and review fee applications of professionals (but only as to fees incurred prior to the Effective Date), (c) the Creditors Committee shall be dissolved, (d) Winstead, P.C., counsel for the Committee, shall no longer be employed by the Committee and Winstead, P.C. shall have no further duties or obligations to the Committee (and none to the Trust unless such Trust subsequently engages Winstead's services) other than to file and review fee applications of professionals (but only as to fees incurred prior to the Effective Date), and (e) any officers and directors of the Debtor shall be deemed to have resigned effective as of the Effective Date.

F.     **Notices and Reports**.  Whenever the Trustee or another party is obligated to give notice, file pleadings, or to submit reports or other information relating to the Case, the

Trustee or such other party shall provide a copy by mail to all Persons listed on the Master Service List for the Case as of the date of Confirmation.

### G.      **Preservation of the Debtor's Affirmative Claims**.

Except as otherwise provided in the Plan, the allowance of any pre-petition Claim, the resolution of any Disputed Claim, or the payment of such Claims shall not, absent an express contrary ruling by the Court, operate as a bar, by application of the principles of <u>res judicata</u> or collateral estoppel, to the recovery of pre-petition Claims or the exercise of any right of setoff held by the Debtor or the Committee, succeeded to by the Trustee against the affected Claimants. To the extent such right of offset is not resolved in the Claim objection process, any affected Claimant (and the Trustee, in the shoes of the Debtor) shall retain its right of offset of mutual claims as provided in Bankruptcy Code § 553.

### H.      <u>Releases</u>

The Debtor, the Trustee, and their respective directors, officers, employees, and Professionals, acting in such capacity as of the entry of this Confirmation Order, will neither have nor incur any liability to any entity for any act taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, implementation, confirmation, or consummation of the Plan, the Disclosure Statement, or any contract, assignment, release, or other agreement or document created or entered into, or any other act taken or omitted to be taken, in connection with the Plan, or with respect to any act taken or omitted in connection with or related to the Case; provided, however, that the foregoing provisions will have no effect on: (1) the liability of any entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release, or other agreement or

document to be entered into or delivered in connection with the Plan or (2) the liability of any entity that would otherwise result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct. Nothing herein shall limit or release any liability of any former director, officer, or employee of the Debtor that is not serving as a director, officer, or employee of the Debtor as of the entry of this Confirmation Order, that such former director, officer, or employee of the Debtor may have to any entity for any act taken or omitted to be taken prior to or after the Petition Date.

### I.     **Substantial Consummation**.

The substantial consummation of the Plan, within the meaning of Bankruptcy Code § 1127, shall be, and hereby is, deemed to occur on the Effective Date.

### J.     **Notice Of Entry Of Confirmation Order**.

Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Trust shall be, and hereby is, directed to serve a notice of the entry of this Confirmation Order, the date of occurrence of the Effective Date, and the establishment of Bar Dates for certain Administrative Claims and rejection claims hereunder (the "Confirmation Notice"), on all parties that received notice of the Confirmation Hearing, no later than 20 days after the entry of this order. Such notice shall be considered served when mailed by the Trust.

### END OF ORDER ###

016203.00015:1027894.05

**ORDER SUBMITTED BY:**

By:  */s/ Daniel I. Morenoff*
Jeffrey R. Fine
State Bar No. 07008410
Daniel I. Morenoff
State Bar No. 24032760
Jay L. Krystinik
State Bar No. 24041279

HUGHES & LUCE LLP
1717 Main Street, Suite 2800
Dallas, Texas 75201
(214) 939-5500
Telecopy (214) 939-6100

**COUNSEL TO THE DEBTOR**

016203.00015:1027894.05